# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4332 | **DATE** | August 3, 2010 |
| **CASE TITLE** | *McKinzy v. Amtrak* | | |

**DOCKET ENTRY TEXT:**

Mr. McKinzy's motion for leave to proceed in forma pauperis [#4] is granted. Mr. McKinzy's complaint is dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B). Mr. McKinzy may file an amended complaint by August 27, 2010, that addresses the issues raised in this order.

■ [ For further details see text below.]   Docketing to Mail Notices.

## STATEMENT

Pro se plaintiff Michael McKinzy is no stranger to federal court. In addition to this complaint, he has filed numerous complaints in this district over the years, *see* 08 C 793, 08 C 2316, 09 C 2723, 09 C 4047, 10 C 3048, 10 C 4331, and 10 C 2882, as well as numerous lawsuits in other districts. In this action, Mr. McKinzy alleges that defendant Amtrak Railroad Company discriminated against him based on his race and to retaliate against him because he filed prior lawsuits against Amtrak. He appears to be seeking relief under Title VII, although his complaint contains passing references to the ADEA.

Mr. McKinzy seeks leave to proceed in forma pauperis. Because he is proceeding pro se, the court has construed his filings liberally. The court finds that Mr. McKinzy is indigent and thus grants his motion for leave to proceed in forma pauperis. Nevertheless, this court has the power to screen complaints filed by all litigants prior to service, regardless of their fee status, and must dismiss a complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

To state claim upon which relief may be granted, a complaint need not provide detailed factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, mere conclusions and a "formulaic recitation of the elements of a cause of action" are insufficient. Instead, a complaint's request for relief must be "'plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), *quoting Bell Atlantic*

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

*v. Twombly*, 550 U.S. at 570. A complaint meets this standard when the alleged facts "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[N]aked assertions devoid of further factual enhancement" are insufficient. *Id*. at 1949 (internal quotation marks omitted).

With respect to Mr. McKinzy's failure to hire claim based on his race, he may only proceed if he alleges that he is a member of a protected class, applied for a position, was qualified for that position, and that the defendant rejected him and, instead, hired people outside of the protected class. *See, e.g., Rudin v. Lincoln Land Cmty. Coll.*, 420 F.3d 712, 724 (7th Cir. 2005). Mr. McKinzy has failed to do so, as his complaint is devoid of any allegations supporting the inference that he is qualified for the positions for which he applied. As Judge Marovich stated when considering a virtually identical complaint against Metra Railroad:

> Plaintiff alleges generally that he was qualified, but he fails to allege any facts that would make it plausible, as opposed to possible, that he was actually qualified. Merely alleging conclusions "does not unlock the doors of discovery." *Iqbal*, 129 S.Ct. at 1950. Plaintiff must do more, and it should not be difficult. If, as plaintiff conclusively alleges, he was qualified for the open positions, he should have no trouble including facts that make his claim plausible. Such facts might include a job history that lists positions he has held and the skills he used in those positions. Such facts might include any training he has undertaken to develop skills.

*McKinzy v. Metra Railroad*, No. 10 C 4331 (N.D. Ill. Jul. 27, 2010) (unpublished order). Accordingly, Mr. McKinzy's failure to hire claim based on race is dismissed without prejudice.

Mr. McKinzy's retaliatory failure to hire claim fares no better. Mr. McKinzy simply asserts that the fact that he filed an EEOC charge against Amtrak shows that Amtrak refused to hire him to retaliate against him and was discriminating against him based on his race and age. This is entirely speculative and, as such, fails to state a claim for which relief may be granted.

Accordingly, Mr. McKinzy's complaint fails to state a plausible claim of employment discrimination. It is, therefore, dismissed in its entirety. Mr. McKinzy may file an amended complaint by August 27, 2010, that addresses the issues raised in this order.